James Robert **TRICKEY**, individually and as guardian for Stephanie Jo Musia and Bryan Philip Musia, Appellants,

v.

**AMERADA HESS CORPORATION**, a Delaware corporation, Appellee.

No. 88–5303.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1989.

Decided June 23, 1989.

Charles T. Hvass, Jr., Minneapolis, Minn., for appellants.

Leonard Bucklin, Bismarck, N.D., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge and FAGG, Circuit Judge.

PER CURIAM.

Sandra Trickey was killed on November 21, 1985, while working at a natural gas processing plant near Tioga, North Dakota, that was co-owned by Amerada Hess Corporation (Amerada) and Phillips Petroleum Company (Phillips). Appellant James R. Trickey, who has received North Dakota workers' compensation benefits attributable to his wife's death, brought this action against Amerada, a Delaware corporation, alleging that Amerada had negligently caused the explosion that killed his wife. Amerada moved for summary judgment on the grounds that, as a co-employer of Sandra Trickey, it was immune from recovery for her death pursuant to section 65–01–08 of the North Dakota Century Code. Appellant conversely moved for a partial summary judgment declaring that Amerada was not an employer of Sandra Trickey and thus was not immune from recovery for

her death. The district court[1] granted Amerada's motion and dismissed the action. This appeal followed. We affirm.

The parties agree that if a joint venture existed between Phillips and Amerada, both entities, as co-employers of Sandra Trickey, are immune from suit under section 65–01–01 of the North Dakota Century Code, which section bars actions by an employee against the employer when the injury or death has been covered under workers' compensation laws. Thus, the parties present the issue whether, as a matter of law, the operating agreement between Phillips and Amerada created a joint venture.

In a detailed, unreported opinion, the district court concluded that a joint venture existed under North Dakota law. Relying on the language of *Voltz v. Dudgeon*, 334 N.W.2d 204, 206 (N.D.1983), the district court listed the following elements necessary to create a joint venture: (1) contribution; (2) joint proprietorship and control; (3) sharing of profits but not necessarily of losses; and (4) a contract showing a joint venture in fact.

Appellant's argument focuses on section 13.01 of the agreement, which recites that the parties did not intend to form a partnership or association, and that the obligations and liabilities were to be "separate and not joint." Another provision, section 13.03, asserts that where "reference is made to operations for the joint account of the parties," this language refers to accounting between them and shall not be construed as creating any joint liability. Finally, section 3.01 of the agreement designates Phillips as "Plant Operator," and section 3.04G states that plant personnel shall be the plant operator's employees.

Yet, other parts of the agreement state that the parties shall have an "equal voice" in the maintenance and operations of the plant subject to the terms of the agreement (2.01); that the nonoperating party shall be freely consulted on plant operations (3.01); that the parties shall agree on an operating budget (3.03); and that the parties shall receive equal shares of the products of the plant (Article VII). The agreement also provides that the parties shall share expenses (2.01), including the cost of paying for workers' compensation insurance (8.01).

In interpreting the entire agreement, the district court first observed as to Phillips' status as plant operator that "[c]ontrol over the operations of the [joint] venture need not be exercised equally, but may instead be delegated to one member of the venture." *Trickey v. Amerada Hess Corp.*, No. A4–87–80, slip op. at 5 (D.N.D. June 29, 1988). The district court then concluded that:

> The net effect of the operating agreement is to set in place a relationship that meets the criteria for a joint venture, even while it contains two provisions that deny that any such relationship is intended. Despite these two provisions, which under the normal circumstances of litigation would be self[-]serving, the agreement is a contract to form a joint venture, and so fulfills the fourth element of the *Voltz* test.

*Id.* at 8.

Having reviewed the record, we determine that the district court's construction of the agreement was proper and in accordance with North Dakota law.

Accordingly, we affirm on the basis of the district court's well-reasoned opinion.

---

**1.** The Honorable Bruce Van Sickle, Senior United States District Judge for the District of North Dakota.